# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>ANGELICA RAMIREZ,<br><br>                              Defendant. | Case No. 18cr3623-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 63] |

On August 29, 2019, Defendant Angelica Ramirez pleaded guilty to a single-count Indictment charging her with possession with intent to distribute approximately 414 grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). *See* Doc. No. 44. On December 9, 2019, the Court sentenced Defendant to a 72-month custodial term, to be followed by a five-year term of supervised release. *See* Doc. No. 56. Defendant is currently serving her custodial term at Federal Correctional Institute Victorville in San Bernardino County, California. Defendant, proceeding *pro se*, previously moved for early compassionate release and a corresponding reduction in sentence based on health concerns arising out of the spread of the novel coronavirus, COVID-19, throughout the federal prison system. *See* Doc. No. 58. The Court denied the motion. *See* Doc. No. 61.

Defendant, once again proceeding *pro se*, now seeks alternative relief.[1]  *See* Doc. No. 62.  Styled as a motion for reconsideration, Defendant concedes she is not an appropriate candidate for early release based on her criminal history and instead requests that the Court permit her to serve the remainder of her sentence under "ankle monitor supervision" at home.  *See id*. at 1.  However, the Court lacks the statutory authority to transfer Defendant to home confinement even under the recently-enacted CARES Act.  The Attorney General of the United States, through his designee, the Director of the Bureau of Prisons ("BOP"), has the sole authority to designate the place of Defendant's confinement.  *See* 18 U.S.C. § 3621(b).  The CARES Act is consistent with the current statutory scheme and provides that "if *the Attorney General* finds that emergency conditions will materially affect" BOP functioning, the Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2) (emphasis added).  To the extent Defendant seeks transfer to home confinement for some portion of the remainder of her custodial term, she must direct her request to the Warden of her institution.

Accordingly, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATE: August 18, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge

---

[1] The Court finds this matter suitable for summary determination without a response from the government.